**Kenneth TOMLINSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 82A01–8903–CR–00099.**

Court of Appeals of Indiana, First District.

June 26, 1989.

John D. Clouse, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The defendant-appellant Kenneth Tomlinson appeals from his conviction by a jury of the offense of attempted dealing in cocaine.

The sequence of events relevant to this appeal shows that Tomlinson delivered a packet of a white powdery substance to a confidential informant who worked for the Evansville Police Department. Tomlinson was charged with two counts of delivering cocaine. Count I dealt with an occurrence which happened on February 11, 1988, and is not a part of this appeal because of Tomlinson's acquittal of that count. Count II charged the same offense and that it occurred on February 15, 1988. On the day of the trial, but before trial commenced, the State unsuccessfully tried to file Count III which accused Tomlinson of delivering a substance represented to be a controlled substance to the confidential informant on February 15, 1988. At trial the evidence showed that the white powder contained no cocaine or any controlled substance.

Because we reverse, we will only address one issued raised by Tomlinson. Restated, Tomlinson complains of the giving of instruction 12A.

The statute which forms the basis of Count II, the count that the jury convicted Tomlinson on, is IND.CODE 35–48–4–1 which reads in pertinent part:

35–48–4–1  Dealing in cocaine or narcotic drug

Sec. 1.  A person who:

(1) knowingly or intentionally manufactures or delivers cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II; or

(2) possesses, with intent to manufacture or deliver, cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II;

commits dealing in cocaine or a narcotic drug, a Class B felony.

Instruction 12A which was given to the jury reads:

Included in the offense charged in Count II is the defense [sic] of Attempting to Deal in Cocaine, a Class B felony.

Attempt is defined by statute as follows: A person attempts to commit a crime, when acting with culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward the commission of the crime. An attempt to commit a crime is a felony of the same class as the crime attempted. To convict the defendant of attempting to deal in cocaine, the State must have proved each of the following elements: The defendant

1.  knowingly

2.  engaged in conduct on February 15, 1988, that constituted a substantial step toward commission of the crime of dealing in cocaine.

3.  which conduct was knowingly delivering a substance to [the confidential informant] believing it to be cocaine.

If the State failed to prove each of these elements beyond a reasonable doubt, as to either defendant, you should find that

defendant not guilty of the included offense of attempting to deal in cocaine, a Class B felony.

If the State did prove each of these elements beyond a reasonable doubt,.... you should find [the] defendant guilty of the crime of Attempting to Deal in Cocaine, a Class B felony, an included offense of the charged Count II.

The statute which forms the basis for the above quoted instruction is I.C. 35–48–4–5, which reads in pertinent part:

"35–48–4–5 Dealing in a counterfeit substance

Sec. 5. A person who:

(1) knowingly or intentionally creates or delivers a counterfeit substance; or

(2) possesses, with intent to deliver, a counterfeit substance; commits dealing in a counterfeit substance, a Class D felony."

The question to be determined is whether I.C. 35–48–4–5 is a lesser included offense of I.C. 35–48–4–1. If it is, there is no error on this issue. If it is not a lesser included offense we must conclude that Tomlinson was convicted of a crime for which he was not charged.

The test of whether a lesser included offense exists is stated in *Decker v. State* (1988), Ind., 528 N.E.2d 1119, 1121:

In determining the propriety of instructing the jury on a lesser included offense, a trial court employs a two-part test. The first part requires an examination of the statutes defining the greater and lesser offenses, together with the factual allegations in the charging information. The court then determines whether the lesser offense is "factually" included in the charging information, and alleges the commission of the greater or "inherently" included offense in the greater offense. The second part requires the court to determine whether, assuming an offense was committed, the evidence would, *prima facie*, warrant a conviction for a lesser included offense, or could only warrant a conviction for the principal charge, in which case the lesser included offense instruction should not be given. (Citations omitted.)

In applying that test to the facts produced at trial and the allegations contained in Count II, we conclude that it is factually not possible to include I.C. 35–48–4–5 as a lesser included offense of I.C. 35–48–4–1. The latter statute requires proof that the substance delivered contains cocaine or another specified controlled substance. On the other hand, I.C. 35–48–4–5 requires proof that a counterfeit substance, a substance which by definition eliminates cocaine or other controlled substances, be delivered. We believe it to be axiomatic that the defendant could do one or the other, but not both at the same time, for the reason that two different materials are contemplated by the two different statutes.

We would also note that *Decker* also states:

If it determined that the lesser offense is "included" within the greater crime charged, step 2 is triggered. It is designed to determine if the evidence warrants an instruction on the lesser and included offense. Generally, that determination hinges on whether a serious evidentiary dispute exists with respect to the element which distinguishes the greater and lesser offenses.

528 N.E.2d at 1121.

There was no evidentiary dispute in this case for the reason that the evidence shows that there was *no* cocaine or other controlled substance contained in the delivered material. (Emphasis supplied.)

Since neither step of the lesser included offense test has been met we conclude that it was reversible error to give instruction 12A.

Judgment reversed.

RATLIFF, C.J., and CONOVER, P.J., concur.